IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 23-000023 SOM |
| | ) | |
| Plaintiff, | ) | ORDER AFFIRMING MAGISTRATE |
| | ) | JUDGE DECISION DENYING |
| | ) | DEFENDANT'S MOTION TO |
| | ) | REOPEN/RECONSIDER ORDER OF |
| vs. | ) | DETENTION |
| | ) | |
| FRANK GONZALES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**ORDER AFFIRMING MAGISTRATE JUDGE DECISION DENYING
DEFENDANT'S MOTION TO REOPEN/RECONSIDER ORDER OF DETENTION**

**I.      INTRODUCTION.**

Defendant Frank Gonzales appeals from Magistrate Judge Kenneth J. Mansfield's Amended Order of April 10, 2023, which denied Gonzales's Motion to Reopen/Reconsider an order detaining him without bail.  *See* ECF Nos. 26, 38.  That order is affirmed.

**II.     PROCEDURAL BACKGROUND.**

On January 28, 2023, a Criminal Complaint was issued against Gonzales.  *See* ECF No. 1.  He was subsequently indicted on March 2, 2023, on three counts: (1) knowingly and intentionally distributing 50 grams or more of methamphetamine, its salts isomers, and salts of its isomers, and 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 841(b)(1)(B); (2) knowingly and intentionally possessing with intent to distribute 50 grams or more of methamphetamine, its

salts isomers, and salts of its isomers, and 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 841(b)(1)(C); and (3) possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(1).  *See* ECF No. 15.

On February 3, 2023, Magistrate Judge Rom A. Trader held a detention hearing, finding by a preponderance of the evidence that there were no conditions or combination of conditions that would reasonably assure the appearance of Gonzales as required and finding by clear and convincing evidence that no conditions or combination of conditions would reasonably assure the safety of the community if Gonzales were released pending trial.  Accordingly, Magistrate Judge Trader ordered Gonzales detained without bail.  *See* ECF No. 10.  In so ruling, Magistrate Judge Trader recognized that there was a rebuttable presumption under 18 U.S.C. § 3142(e)(3) that no condition or combination of conditions would reasonably assure the appearance of Gonzales as required and the safety of the community. Magistrate Judge Trader noted that there was probable cause to believe Gonzales had committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act, that Gonzales was charged with having violated 18 U.S.C. § 924(c), and that Gonzales had not rebutted

2

that presumption.  *See id.*  The original detention order listed the reasons for Gonzales's detention as including: the strong evidence against Gonzales; the lengthy period of incarceration Gonzales faced if convicted; Gonzales's prior criminal history; Gonzales's participation in criminal activity while on probation, parole, or supervision; and Gonzales's prior attempts to evade law enforcement.  *See id.*

On April 3, 2023, Gonzales filed a Motion to Reopen/Reconsider the Court's Order of detention, arguing changed circumstances.  He conceded that, at the time of his original detention hearing, he had had no viable release plan.  *See* ECF No. 26, PageID # 70.  He argued that he is now willing to attend the Sand Island Treatment Center or live with a third-party custodian, Kuuipo Carroll-Vierra.  *Id.*  On April 10, 2023, at the hearing on Gonzales's reconsideration motion, Magistrate Judge Mansfield denied the motion, ruling that no condition or combination of conditions would reasonably assure the appearance of Gonzales as required and the safety of the community.  *See* ECF No. 38.

Gonzales now appeals the denial of his reconsideration motion.  *See* ECF No. 39.

### III.     ANALYSIS.

A person detained by order of a magistrate judge may file a motion for revocation or amendment of the order with the

3

district judge presiding over his case.  *See* 18 U.S.C. § 3145(b).  This court's review of such an appeal is *de novo*, meaning that this court must ultimately make its own determination of the facts and of the propriety of detention.  *See United States v. Koenig*, 912 F.2d 1190, 1191–93 (9th Cir. 1990); CrimLR 57.7.  Under *de novo* review, the district court "should review the evidence before the magistrate [judge] and make its own independent determination whether the magistrate[ ] [judge's] findings are correct, with no deference."  *Koenig*, 912 F.2d at 1193.  The district judge may, but need not, hold additional evidentiary hearings on the matter.  *Id.*

The Bail Reform Act mandates that a defendant be released pending trial unless the court finds no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.  *See* 18 U.S.C. § 3142(e)(1).  However, the Bail Reform Act imposes a rebuttable presumption against pretrial release when there is probable cause to believe a defendant committed certain enumerated offenses, including, as alleged here, Controlled Substance Act violations for which there is a maximum term of imprisonment of 10 years or more and offenses under 18 U.S.C. § 924(c).  *See* 18 U.S.C. § 3142(e)(3).  While the presumption shifts the burden of production to a defendant, the burden of persuasion remains with the Government.  *See United*

4

*States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).  A finding that a defendant is a danger to any other person or the community must be supported by clear and convincing evidence.  *Id.*

If a defendant proffers evidence to rebut the presumption, the court considers four factors to determine whether the pretrial detention standard is met: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, and history relating to drug or alcohol abuse; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.  *See id.* (citing 18 U.S.C. § 3142(g)).  "The presumption is not erased when a defendant proffers evidence to rebut it; rather the presumption remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)."  *Id.* (quotation marks and citation omitted).  *Id.*

On appeal, Gonzales argues that his criminal history involves "dated" matters, that he does not have a history of failing to appear in court, that he is willing to be subject to location monitoring, that he is not a flight risk or a danger to the community, that he does not have a history of drug dealing in

5

Hawaii, that he did not use violence during his arrest, and that the "stand off" before his arrest was caused by his efforts to secure his dogs. *See* ECF No. 39.  Gonzales's arguments do not paint a full picture.

According to the Pretrial Services Report dated February 2, 2023, Gonzales has a lengthy criminal history.[1]  In 1988, when he was 16, he was committed to the California Youth Authority in connection with a felony murder adjudication.  In 1998, he was sentenced to six years of imprisonment relating to the transport and sale of narcotics.  In 2015, Gonzales was convicted of driving while his license was suspended.  In 2020, Gonzales was convicted of vandalism.

An addendum to the Pretrial Services Report lists two outstanding warrants with bail amounts of $30,000 each.  Gonzales had his probation revoked and a bench warrant issued on March 18, 2022.  The second warrant arose out of pending charges for crimes allegedly committed on January 18, 2022, when Gonzales was on probation.

In the present case, law enforcement agents allegedly purchased from Gonzales two grams of fentanyl and a half pound of methamphetamine.  This "buy" allegedly took place in Gonzales's bedroom, where a firearm was seen on a table within Gonzales's

---

[1] It is the court's understanding that Gonzales received a copy of the Pretrial Services Report and any addendum to it.

reach.  When law enforcement agents went to execute a search warrant on Gonzales's place, Gonzales barricaded himself for 45 to 60 minutes--far longer than necessary to secure dogs.  Ultimately, law enforcement agents recovered from Gonzales's residence 20 grams of fentanyl, a loaded handgun, about $50,000 in cash, and a bulletproof vest.  Agents also discovered methamphetamine residue in the bathroom.  Additionally, agents recovered four pounds of methamphetamine in a vehicle found on the property.

In seeking to rebut the presumption that he should be detained, Gonzales argues that he could be released to Sand Island Treatment Center or to a third-party custodian, Kuuipo Carroll-Vierra.  Neither release plan is viable on the current record.

First, the record does not indicate that Gonzales is eligible for Sand Island Treatment Center, which provides mental health and drug/alcohol residential services to its clients.  According to the Pretrial Services Report, Gonzales said he had no issues or concerns with respect to his physical and mental health and no history of substance abuse.  At most, he said he drinks alcohol socially.

Second, Carroll-Vierra does not appear to be a proper third-party custodian, although she is willing to take on such a role.  She lives in a four-bedroom, Section 8 property with 10

others.  It appears that Gonzales may have to get approval before moving into the Section 8 housing.  Additionally, the proposed third-party custodian has five felony arrests and three convictions, as well as a history of noncompliance with supervision and a history of criminal contempt of court.

Even if Gonzales had a viable release plan, he does not, on balance, demonstrate that he should be released pending trial.

With respect to the nature and circumstances of the offenses charged, the court notes that Gonzales has been indicted on serious drug and firearm charges that carry a substantial term of imprisonment if he is convicted.  While Gonzales claims that the case against him hinges on a confidential informant, the Government asserts that fentanyl and a firearm were found in his residence and that methamphetamine was found in a vehicle on his property.  If this is so, the evidence against him may not be entirely dependent on a single witness.

Gonzales argued at the hearing on this appeal that the strength of the evidence against him was the least important factor on his appeal.  In response, the Government argued that, notwithstanding his significant ties to Hawaii, he had made differing representations over the years to different individuals about what state he considered his residence.  It is undisputed that he has a lengthy criminal history, including a serious

juvenile background and a prior drug conviction.  The court is also concerned about whether he was noncompliant during prior periods of being supervised, as might be suggested by bench warrants that issued against him.  In addition to the large quantity of drugs, firearm, and bulletproof vest allegedly found in Gonzales's residence, he also allegedly had a large amount of cash.  Some of these facts support concern that Gonzales may be a flight risk.  On the present record, the court determines that there are no conditions or combination of conditions that would reasonably assure the appearance of Gonzales as required.

These circumstances also lead this court to find by clear and convincing evidence that no conditions or combination of conditions will reasonably assure the safety of the community.  The court considers Gonzales's criminal history and pattern of drug-related conduct, as well as warrants that have issued against him, his alleged commission of crimes while on probation, and the gun and bulletproof vest allegedly found in his residence.

**IV.     CONCLUSION.**

The court affirms the Magistrate Judge and orders that Gonzales be held pretrial without bail.

9

It is so ordered.

DATED: Honolulu, Hawaii, May 1, 2023.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge


*United States v. Gonzales*, Cr. No. 23-00023 SOM; ORDER AFFIRMING MAGISTRATE JUDGE DECISION DENYING DEFENDANT'S MOTION TO REOPEN/RECONSIDER ORDER OF DETENTION