IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 23-00023 SOM |
|  | ) |  |
| Plaintiff, | ) | AMENDED ORDER DENYING |
|  | ) | DEFENDANT'S MOTION FOR |
|  | ) | RECONSIDERATION AND |
|  | ) | ADDRESSING THE ISSUE OF |
| vs. | ) | LIMITED DISCLOSURE OF THE |
|  | ) | INFORMANT'S IDENTITY |
|  | ) |  |
| FRANK GONZALES, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
| _____ | ) |  |

**AMENDED ORDER DENYING DEFENDANT'S MOTION FOR
RECONSIDERATION AND ADDRESSING THE ISSUE OF
LIMITED DISCLOSURE OF THE INFORMANT'S IDENTITY**

Before the court is Defendant Frank Gonzales's Motion to Reconsider the Court's Denial of Defendant's Motion to Disclose the CI. To the extent that his motion seeks reconsideration of the denial of Gonzales's original motion to disclose, reconsideration is denied. However, to the extent that his motion expresses agreement with a new course of action regarding disclosure, the court places the matter in the hands of the Government and notes the potential consequences that may flow from the Government's decision about how to proceed.

I.      **BACKGROUND.**

Defendant Frank Gonzales is charged with two drug counts and two gun counts. Count 1 alleges that he distributed methamphetamine and fentanyl on January 26, 2023. ECF No. 60. The distribution allegedly occurred in a controlled buy in which

Gonzales allegedly sold drugs to a confidential informant ("CS-1"). *Id.*

The Government proposes to submit audio and video recordings of the alleged transaction without calling CS-1. The admissibility of the recordings was the subject of competing motions in limine, with the Government seeking a pretrial order allowing the evidence at trial even without testimony by CS-1, and Gonzales seeking a pretrial order excluding the evidence from trial in the absence of testimony by CS-1. The parties debated the applicability of *Crawford v. Washington*, 541 U.S. 36 (2004), to the informant's recorded words (as distinguished from Gonzales's words, which would be admissions by a party opponent not qualifying as hearsay under Rule 801 of the Federal Rules of Evidence). Under *Crawford*, out-of-court statements that are testimonial and that are hearsay because offered for their truth may raise Confrontation Clause issues if the declarant does not testify at trial. *Crawford*, 541 U.S. at 59-60 & n.9; *accord United States v. Tolliver*, 454 F.3d 660 (7th Cir. 2006) ("It is important to emphasize again that, aside from the testimonial versus nontestimonial issue, a crucial aspect of *Crawford* is that it only covers hearsay, i.e., out-of-court statements 'offered in evidence to prove the truth of the matter asserted.'") (*quoting* Fed. R. Evid. 801).

Both motions in limine were denied by the trial judge

on the ground that neither movant met its burden of persuasion. The court noted that the recordings were unintelligible in many places, and that the court could not tell exactly what the purported statements were. No transcript was submitted, and the court noted that any determination that a particular statement was not offered for its truth had to involve a line-by-line analysis, rather than the wholesale admission or exclusion advocated by the competing motions. The court left it to the parties to argue during trial for or against admission of particular statements, recognizing that this might be accompanied by some disruptions of trial proceedings.

Separately, Gonzales moved for disclosure of CS-1's identity on the basis that, because CS-1 had participated in the charged crime, knowledge of his identity would be helpful and relevant to Gonzales's defense. ECF No. 54-1. The Government opposed, arguing that it was not calling CS-1 as a witness at trial and that any benefit to Gonzales relating to disclosure was outweighed by the Government's "interest in protecting CS-1's safety as well as the integrity of an active DEA investigation." ECF No. 59, PageID # 301. The court referred the motion to a magistrate judge, who denied it. ECF No. 77.

Gonzales appealed the denial to the trial judge. ECF No. 79. At the hearing on June 6, 2023, the trial judge affirmed the magistrate judge, citing the state of the record, which

included the Government's statement that it was not calling CS-1 as a witness, and the absence of any ruling admitting any statement by CS-1. ECF No. 89.

Before affirming the magistrate judge, the trial judge discussed a variety of procedures that might address the Government's concerns while still allowing a measure of disclosure to Gonzales. The court posited that the Government could disclose CS-1's identity only to Gonzales's attorneys and their staff, while withholding the identify from Gonzales himself and from other persons. The trial judge also noted that if CS-1 ended up testifying during trial, he could possibly wear a disguise, as permitted in *United States v. de Jesus-Castaneda*, 705 F.3d 1117 (9th Cir. 2013). Although Gonzales himself had seen CS-1, the court mentioned the disguise as a way to address the Government's concern that members of the public would attend the trial and identify CS-1, thereby compromising his involvement in other ongoing investigations. Of course, even if the court permitted CS-1 to testify under the pseudonym he had used with Gonzales, defense counsel correctly noted that jurors would need to be informed of CS-1's actual name in case any juror had a connection to him. To address this concern, the court proposed giving jurors a written list of all possible witnesses and asking them to indicate in writing if they knew any of them, to

4

eliminate the need to say CS-1's name out loud while Gonzales himself was listening during jury selection.

Both parties rejected the concept of a limited form of disclosure. Defense counsel asserted a need to share CS-1's identity with Gonzales himself and to go "door-to-door" inquiring about CS-1 upon learning his identity. But Gonzales has rethought his objection and, in what he calls a reconsideration motion, is now embracing the concept of a limited disclosure, while reserving the right to later seek a less restricted disclosure. ECF No. 88. Gonzales says he is agreeing to accept a disclosure limited to defense counsel and counsel's staff.

In the reply memorandum in support of his reconsideration motion, Gonzales says, "Charitably characterized, counsel's initial reaction at the hearing was lukewarm when first confronted with that compromise." ECF No. 95, Page ID# 565. This is not an accurate characterization at all, charitable or not. Defense counsel strenuously opposed any limited form of disclosure, ultimately concluding with a generalized objection unadorned by specifics. There is no question that the reconsideration motion represents an about-face by defense counsel.

The Government contends that reconsideration is not warranted and that, even if it were, the court should maintain its prior decision because the risk posed by disclosure of the

5

informant's identity overrides any potential benefits such disclosure would provide to Gonzales. ECF No. 94.

**II.      DISCUSSION.**

The version of Gonzales's Motion for Disclosure that was before the magistrate judge and that was the subject of this court's affirmance of the magistrate judge's ruling sought a court order compelling the Government to publicly disclose CS-1's identity. ECF No. 54. Given what the Government said was the risk to CS-1's safety and the integrity of an ongoing law enforcement investigation, the magistrate judge denied Gonzales's motion. The nature of the disclosure sought by Gonzales's motion was too broad, and the magistrate judge correctly denied the motion. The concerns raised by the magistrate judge remain and support this court's affirmance of the denial of the action requested in Gonzales's motion. Nothing raised in what Gonzales styles as a reconsideration motion warrants a revisiting of that affirmance, and the reconsideration motion is denied.

However, while calling its present position a request for reconsideration of the denial of its motion seeking an unlimited disclosure, what Gonzales is actually doing in its recent filing is changing his request for relief. Gonzales is now, for the first time, asking for limited disclosure. In effect, Gonzales is reconsidering his own motion, rather than challenging either the magistrate judge's ruling or this court's

6

affirmance with respect to Gonzales's original motion, which was the subject before both the magistrate judge and the trial judge.

What is now before this court, purportedly on reconsideration, is an altogether separate matter.  In light of Gonzales's reversal, the court invites the Government to consider providing disclosure limited to the defense counsel's team.  If the Government opts to provide limited disclosure, it should do so by Wednesday, June 14, 2023.

In addition to requesting CS-1's name and contact information, Gonzales has repeatedly sought a court order requiring the Government to turn over all *Brady/Giglio* material related to CS-1.  The Criminal Scheduling Order at ECF No. 24 required disclosure of *Brady/Giglio* material no later than May 30, 2023, but this court will treat June 14, 2023, as a new deadline for CS-1.  The Government says it has no *Brady* material connected to CS-1.  This court notes that the Ninth Circuit has not yet resolved whether prosecutors must provide *Giglio* materials for nontestifying witnesses.  The appellate courts that have considered the question have not all arrived at the same conclusion. *Compare United States v. Jackson*, 345 F.3d 59, 70–71 (2d Cir.2003) (finding that the Government's *Brady/Giglio* obligation to disclose exculpatory and impeachment evidence extends to nontestifying witnesses) *with United States v. Green*, 178 F.3d 1099, 1109 (10th Cir. 1999) (finding that *Giglio*—unlike

7

*Brady*—does not apply to witnesses the Government does not call at trial); *United States v. Mullins*, 22 F.3d 1365, 1372 (6th Cir. 1994) (same). Any material that the Government discloses may be redacted as warranted for witness safety and to protect an ongoing investigation. The Government should be careful with respect to any redaction to avoid the problems that occurred in *In re: Civil Beat Law Center*, Civil No. 23-00175. See ECF No. 24 in Civil No. 23-00175.

With respect to any disclosure by the Government of CS-1's identity or of other information about CS-1, defense counsel is prohibited from sharing that identity or information with anyone other than defense counsel and defense counsel's team in the Office of the Federal Public Defender. The prohibition means that the information may not be shared with Gonzales. Except as expressly authorized by this order, the information may not be conveyed to anyone orally or in writing, via telephonic, electronic, or any other means of communication. The prohibition includes any attempt to raise CS-1's name with a prohibited person even without suggesting that he is an informant. For example, the defense team may not go around CS-1's neighborhood proactively asking neighbors about CS-1, or contact his coworkers seeking comment from them about CS-1. Such activity would raise questions about CS-1 and perhaps inhibit his ability to participate in an ongoing investigation. If an inadvertent

disclosure occurs or is suspected, defense counsel must notify the court immediately.

The Government may choose not to disclose anything or to disclose only certain information. The Government may make this choice based, for example, on a high level of confidence that it can persuade the court to admit its proffered evidence even without testimony by CS-1. However, if, by June 14, 2023, no disclosure is made, or if the disclosure is so minuscule as to be useless to defense counsel, the court is unlikely to allow the Government to call the informant as a witness at trial even if the Government concludes during trial that it should indeed call CS-1 and belatedly offers disclosure. Thus, if the court later decides that certain evidence proffered by the Government cannot be admitted without the informant's live testimony, the Government's failure to provide pretrial disclosure may preclude admission of that evidence even with live testimony. In so stating, the court is anticipating that a mid-trial disclosure of CS-1's identity will be accompanied by a delay as Gonzales is forced to scramble to look into CS-1's background.

In its opposition to the Motion to Reconsider, the Government focuses extensively on the Government's privilege to withhold information about an informant's identity (the so-called "informant privilege"). However, the informant privilege is not implicated here because this court is not compelling the

9

Government to disclose information about CS-1. Instead, this court is giving the Government an option, while outlining likely consequences.

Even an order compelling limited disclosure would not violate the informant privilege. First, the privilege is not implicated when the informant's identity is disclosed only to defense counsel. *See United States v. Herrero*, 893 F.2d 1512, 1525 (7th Cir. 1990), *abrogated on other grounds by United States v. Durrive*, 902 F.2d 1221 (7th Cir. 1990) (concluding that limited disclosure to defense counsel does not implicate the privilege because, when defense counsel is bound by court order to nondisclosure, there is no risk of undermining the public flow of information to law enforcement, which is the privilege's core concern); *cf. United States v. Anderson*, 509 F.2d 724, 729 (9th Cir. 1974) (approving, in the context of a pretrial probable cause determination, involvement of defense counsel, but not the defendant, in an in camera hearing concerning a confidential informant).

Second, even if the informant privilege were at issue here, a limited disclosure would not violate it. The informant privilege is not absolute. "Where the disclosure of an informer's identity . . . is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Roviaro v. United States*,

353 U.S. 53, 60-61 (1957). To determine whether the privilege should give way, courts must balance "the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id*. at 62.

Limited disclosure appropriately balances the competing interests. It would permit Gonzales some measure of preparation without affecting the public flow of information to law enforcement. If information about CS-1's identity is only provided to the defense counsel team, there is no significant threat to CS-1's safety, to ongoing investigations, or to the public's willingness to share information with law enforcement.

The Government expresses concern about the possibility of defense counsel's inadvertent disclosure. ECF No. 94, PageID # 560-61. But courts frequently entrust counsel with maintaining the secrecy of closely guarded information. *See, e.g.*, Fed. R. Civ. P. 26(c) (addressing protective orders in federal civil cases); *Kashem v. Barr*, 941 F.3d 358, 380 (9th Cir. 2019) (discussing procedures authorized by the Classified Information Procedures Act that allow courts overseeing criminal cases to disclose classified information to plaintiff's counsel, provided they have security clearance). Defense counsel's professionalism, as well as counsel's duty to follow the orders of this court, are sufficient assurances that CS-1's identity will not be inadvertently disclosed. Because limited disclosure

11

does not pose a threat to CS-1' safety, the integrity of ongoing investigations, or the public flow of information to law enforcement, such an arrangement does not undermine the informant privilege.

In fact, the court notes that the Government itself may take certain measures to guard against inadvertent disclosure. For example, assuming the Government provides limited pretrial disclosure, the Government may itself prepare a list of all witnesses (including both Government and defense proposed witnesses), numbering the witnesses and providing a copy to each juror so that each juror may simply place a check mark next to the number of any witness the juror knows.  This list could include CS-1's name without highlighting it.  The Government may list witnesses in an order other than alphabetical order for maximum security (that is, so that not even the first letter of CS-1's last name can be discerned).  The Government may also provide defense counsel with copies of the list that black out CS-1's name, so that only CS-1's number appears.  This would prevent Gonzales from learning CS-1's name by simply leaning over during trial to read defense counsel's copy of the witness list. Indeed, if the Government chooses to make disclosures by June 14, 2023, the court asks the Government to come to trial on June 20, 2023, with 75 copies of a witness list that includes Government and defense witnesses (including CS-1) in a numbered list,

together with a redacted copy for defense counsel to use while seated at counsel's table during trial.

This court recognizes that some courts have considered whether limited disclosure infringes upon a defendant's due process rights or right to counsel. *See, e.g.*, *United States v. De La Rosa-Contreras*, 859 F. Supp. 388, 391 (D. Ariz. 1994) ("Such a procedure could undermine the confidence of a defendant in the independence of counsel, particularly when counsel is court-appointed."); *United States v. Grisham*, 748 F.2d 460, 464 (8th Cir. 1984) ("We believe that members of the public willing to volunteer information to the police if their anonymity is guaranteed would not be comforted to learn that their identity is to be revealed only to a defendant's lawyer, but not to the defendant himself."). Because Gonzales has agreed to limited disclosure, the court does not address these concerns here.

### III.     CONCLUSION

Gonzales's Motion for Reconsideration is denied.

If the Government chooses to provide CS-1's identity and other information to defense counsel, it must do so by Wednesday, June 14, 2023, and notify the court about the fact (but not the substance) of any disclosure by the same deadline. If that occurs, the court prohibits defense counsel from disclosing any of this information to Gonzales or anyone other than persons working at the Office of the Federal Public

13

Defender.  If this information is disclosed to any prohibited person, defense counsel must immediately notify the court.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 13, 2023.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*United States of America v. Frank Gonzales*, Cr. No. 23-00023 SOM; AMENDED ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION AND ADDRESSING THE ISSUE OF LIMITED DISCLOSURE OF THE INFORMANT'S IDENTITY.